## IN THE UNITED STATES DISTRICT COURT FOR
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VERNON CRAWFORD | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 08-cv-02338 |
| | : | |
| v. | : | |
| | : | |
| AMERICAN LEGION | : | **MEMORANDUM OF LAW IN SUPPORT** |
| AMBULANCE | : | **OF MOTION TO DETERMINE EXPERT** |
| AND | : | **DEPOSITION FEES FOR PLAINTIFF'S** |
| | : | **TREATING NEUROSURGEON JOHN K.** |
| ROBYN CRISPSIN | : | **RATLIFF, M.D.** |
| | : | |
| Defendants. | : | |

Plaintiff, by and through undersigned counsel, Bochetto & Lentz, P.C., hereby files the

following Memorandum of Law in Support of his Motion to Determine Expert Deposition Fees

For Plaintiff's Treating Neurosurgeon John K. Ratliff, M.D.:

### NATURE OF MOTION

Plaintiff has filed a Motion requesting the Court to set a fee payable by Defendants

for the expert deposition of Plaintiff's neurosurgeon expert, John K. Ratliff, M.D., and to permit

Plaintiff to record Dr. Ratliff's trial testimony by way of video tape immediately after Dr.

Ratliff's discovery deposition.

### RELEVANT FACTS AND PROCEDURAL HISTORY

This action arises from a motor vehicle accident on June 8, 2007 when Plaintiff, while

stopped at a red light, was rear-ended by Defendant Robyn Crispin, who was operating an

ambulance owned by Defendant American Legion Ambulance.  As a result of the accident,

1

Plaintiff suffered severe and debilitating injuries to his spine leading to severe "myelopathy," a condition that results in a loss of functioning of the spine.

In this regard, one of Plaintiff's experts is a neurosurgeon, John K. Ratliff, M.D., who specializes in spinal surgery.  Although he will be testifying as an expert, Dr. Ratliff is also one of Plaintiff's treating physicians, with whom Plaintiff consulted about spinal surgery to cure his myelopathy.  Dr. Ratliff is a highly specialized surgeon.  He is skilled in complex spinal surgery involving the cervical, thoracic, and lumbar spine, primary and metastatic spinal tumors, spinal infections, and chronic pain disorders.[1]  Dr. Ratliff also possesses subspecialty expertise in peripheral nerve disorders, as well as neurosurgical evaluation and treatment of nerve compression syndromes and peripheral nerve trauma, including complex reconstructive peripheral nerve surgery.  Dr. Ratliff is also a well respected author, lecturer and researcher, having authored approximately 15 peer reviewed publications, contributed to 8 different medial treatises as an author, and been invited to lecture on his neurosurgical expertise across the nation.

The fee for Dr. Ratliff's deposition, established by the Thomas Jefferson Department of Neurosurgery ("TJU"), is a minimum of $5,000 for the first hour, plus $2,000 for each additional hour.[2]  According to TJU, over the past four months, these deposition fees have been paid on five

---

[1]    A true and correct copy of Dr. Ratliff's curriculum vitae is attached to Counsel's Certification as Exhibit A.

[2]    A true and correct copy of the TJU, Department of Neurosurgery, Schedule of Fees is attached to Counsel's Certification as Exhibit "B."

separate occasions by attorneys seeking to take the depositions of neurosurgeons in Dr. Ratliff's practice.[3]

Counsel has also placed calls to neurosurgeons affiliated with the Hospital of the University of Pennsylvania ("HUP"), Temple University Hospital ("Temple"), Cooper University Hospital ("Cooper"), Hanehmann University Hospital ("HUH"), and the Washington Brain and Spine Institute ("WBSI") in an effort to obtain fee schedules. HUP and Temple both indicated that their neurosurgeons do not serve as expert witnesses, and thus could not provide a fee schedule. Hanehmann and WBSI indicated that "sometimes" their neurosurgeons agree to do medical-legal work on a limited basis, but when asked to provide a fee schedule for such services, they stated they would need to consult with the physicians and "get back" to Counsel.

Cooper, however, does allow its surgeons to act as expert witnesses and was able to provide a fee schedule for Dr. David Clements, a board certified orthopedic surgeon that performs spinal surgery.[4] Although he is not a neurosurgeon, Dr. Clements charges deposition and testimony fees commensurate with those charged by Dr. Ratliff, charging up to $4,500 for a deposition and $8,500 for live court testimony.

## ARGUMENT

**I.    Reasonableness Of Dr. Ratliff's Fees**

Fed.R.C.P. 26(b)(4)(C) requires the party seeking expert discovery to pay the expert a reasonable fee for the time spent responding to the discovery:

---

[3]     A true and correct copy of correspondence from TJU is attached to Counsel's Certification as Exhibit "C."

[4]     A true and correct copy of the Cooper fee schedule is attached to Counsel's Certification as Exhibit "D."

> Unless manifest injustice would result, (i) the court *shall* require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision (which includes the taking of depositions under Rule 26(b)(4)(A)).

Fed.R.C.P. 26(b)(4)(C)(emphasis added).  Unfortunately, most courts have noted that "[t]here is little guidance in federal case law regarding what is a reasonable fee for an expert. Most courts acknowledge the paucity of authority and then use their discretion to select an amount deemed reasonable. *See, e.g., Hurst v. United States*, 123 F.R.D. 319, 321 (D.S.D. 1988)(*citing Draper v. Red Devil, Inc.*, 114 F.R.D. 46, 48 (E.D. Ark. 1987)). The goal of Rule 26(b)(4)(C) is to compensate experts for their time in participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert work free from cost.  *See Grinnell Corp. v. Hackett,* 70 F.R.D. 326, 333 (D.R.I. 1976).  An expert's "reasonable fee" includes the time spent preparing for and sitting for a deposition.  *See Hurst*, 123 F.R.D. at 321 (expert "entitled to his hourly fee for the time he spent preparing himself for the deposition and the time during which he was deposed.")

Here, Plaintiff submits that Dr. Ratliff's fee is reasonable.  Dr. Ratliff is board certified in neurosurgery, and has a subspecialty in spinal nerve compression, a condition which is directly at issue in this case due to Mr. Crawford's myelopathy.  He is also a nationally renowned author, lecturer and researcher in the area of spinal neurosurgery and nerve compression.

While admittedly Dr. Ratliff's fees are substantial, that does not necessarily mean they are "unreasonable."  Indeed, when Counsel sought to obtain fee schedules from five other neurosurgery departments in the area, two unequivocally stated they do not serve in an expert witness capacity.  While two departments indicated "sometimes" they act as expert witnesses,

they apparently give expert opinion testimony so infrequently that they were not able to provide a fee schedule.  Thus, clearly, there is an extremely low supply of qualified neurosurgeon who will act as expert witnesses.

The only other neurosurgery department Counsel from whom Counsel was able to obtain a fee schedule was Cooper, but it did not have any board certified neurosurgeons on state. Cooper does, however, have a board certified orthopedic surgeon who specializes in spinal surgery, Dr. Clements, whose fee schedule is at least commensurate with Dr. Ratliff's.

In sum, given this low supply of neurosurgeons in the area willing to testify, and given Dr. Ratliff's highly specialized area of concentration, Dr. Ratliff's fees for deposition testimony appears to be reasonable.  Indeed, even when compared against Dr. Clements' fees, Dr. Ratliff, who, unlike Dr. Clements, is board certified in neurosurgery, charges similar fees.  Dr. Ratliff's fees should be paid by Defendants if they wish to conduct his deposition.

## II.        Dr. Ratliff's Video Trial Deposition

With respect to conducting Dr. Ratliff's deposition, in order to most efficiently utilize the parties' and the Doctor's time, Plaintiff seeks to conduct Dr. Ratliff's videotaped trial deposition immediately after Defendants have the opportunity to take Dr. Ratliff's discovery deposition. While Dr. Ratliff's fees for depositions are at least $5,000 for one hour, his fee for live trial testimony is a flat rate of $12,000, plus expenses.

Plaintiff submits that given this disparity in fees, "exceptional circumstances" exist to allow Plaintiff to conduct Dr. Ratliff's videotaped trial deposition immediately after Defendants conduct his discovery deposition.  Plaintiff proposes that the videotaped deposition can be

5

presented at trial pursuant to Fed.R.C.P. 32(a)(3)(E).  *See e.g., Borchardt v. United States, 133 F.R.D. 547 (E.D. Wis. 1991)*(cost differential of $ 375 for deposition testimony and between $ 1,000 and 1,250 for live testimony was 'exceptional circumstance' under Rule 32(a)(3)(E), permitting party to present videotaped deposition at trial).

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the Court to enter an Order directing Defendants to pay the fees set forth on Dr. Ratliff's Fee Schedule for his deposition, and also to permit Plaintiff to conduct Dr. Ratliff's Videotaped Trial Deposition immediately preceding his discovery deposition.

Respectfully submitted,

8/21/09                                    /s/ David P. Heim
Dated: _____          By:    _____
                                           David P. Heim, Esquire
                                           **BOCHETTO & LENTZ, P.C.**
                                           1230 Brace Road
                                           Cherry Hill, NJ 08034
                                           (856) 722-9595

                                           *Attorney for Plaintiff*