[Doc. No. 28]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| VERNON CRAWFORD,<br><br>        Plaintiff,<br><br>  v.<br><br>AMERICAN LEGION AMBULANCE ASSOCIATION,<br><br>        Defendants. | Civil No. 08-2338-RBK-KMW |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court by way of motion filed on behalf of Plaintiff by his counsel David P. Heim, Esquire, to determine the deposition fee of Plaintiff's expert Neurosurgeon, Dr. John K. Ratliff, and to permit Plaintiff to conduct Dr. Ratliff's videotaped trial deposition immediately following the discovery deposition. Defendants, American Legion Ambulance Association and Robyn L. Crispin, oppose this motion. The Court has reviewed the submissions of the parties pursuant to Fed. R. Civ. P. 78. For the reasons discussed more fully below, the Court finds that a reasonable hourly rate for Dr. Ratliff's discovery deposition is no more than $600. Plaintiff's request to conduct Dr. Ratliff's videotaped trial deposition immediately after the discovery deposition is denied.

In his Complaint, Plaintiff avers that on June 8, 2007, while

stopped at a red light, he was rear-ended by Defendant Crispin who was operating an ambulance owned by Defendant American Legion Ambulance. (Certification of David P. Heim, Esquire ("Heim Cert.") at ¶ 2.)  As a result of the accident, Plaintiff avers that he suffered severe and debilitating injuries to his spine which has lead to "myelopathy" a condition that results in the loss of functioning of the spine. (Heim Cert. at ¶ 3.)  Dr. Ratliff is one of Plaintiff's treating physician who also consulted with Plaintiff about spinal surgery. (Id. at ¶¶ 4 & 5.)

   First, the Court will address Plaintiff's motion to set a reasonable fee for Dr. Ratliff.
   Federal Rule of Civil Procedure 26(b)(4)(C) provides that unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery.  Fed. R. Civ. P. 26(b)(4)(C).  Courts have considered the following factors in determining whether an expert's fee is reasonable: 1) the expert's area of expertise; 2) the expert's necessary training and education; 3) the prevailing rates for comparable expert witnesses; 4) the nature, quality and complexity of the discovery provided; 5)the cost of living in the relevant community; 6) the fee being charged by the expert to the party who retained him; 7) fees traditionally charged by the expert on related matters; and 8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.  Massasoit v. Carter, 227

F.R.D. 264, 265 (M.D.N.C. 2005); <u>Cabana v. Forcier, KNA</u>, 200 F.R.D. 9, 15-16 (D. Mass. 2001) (citing <u>Coleman v. Dydula</u>, 190 F.R.D. 320, 324 (W.D.N.Y. 1999)).

To support his contention that Dr. Ratliff's deposition fee of $5,000 for the first hour and $2,000 for each additional hour is a reasonable expert fee, Plaintiff primarily relies on Dr. Ratliff's area of expertise, necessary training and education. Specifically, Plaintiff's submissions point to Dr. Ratliff's impressive and extensive credentials including his:

- surgery specialty;
- sub-specialty in spinal nerve compression (which is directly at issue in this case);
- national recognition as an author, lecturer and researcher;
- sub-specialty in peripheral nerve disorders; and
- having authored fifteen (15) peer reviewed publications and eight (8) medical treatises.

Further, with respect to the fees traditionally charged by Dr. Ratliff on related matters, Plaintiff directs the Court to the fee schedule set by Thomas Jefferson Department of Neurosurgery which, according to the University, has been paid in other cases and has not been reduced in any case.

Finally, in attempting to establish prevailing rates for comparable expert witnesses, Plaintiff provided the fee schedule of Dr. David H. Clements, a board certified orthopaedic surgeon who performs spinal surgery. Dr. Clements' deposition fee (non-video)

like Dr. Ratliff's fee is set by the faculty practice - Cooper Hospital. However, Dr. Clements deposition fee of $3,200, is for the entire deposition and not an hourly rate.

Defendants contend that Dr. Ratliff's deposition fee of $5,000 for the first hour and $2,000 for each additional hour is unreasonable because it well exceeds the fees of experts generally. To this end, Defendants point to a number of cases within this circuit that it contends sets the parameters for reasonable expert fees between $200 and $500 an hour. However, none of the fees cited were for neurosurgeons. In addition, according to the Defendants, Dr. Ratliff's discovery deposition fee should be no more than $500 an hour to be consistent with the deposition fees of the other experts in this case. In particular, Defendants submit that the deposition fee of Dr. William Barrish, Plaintiff's treating orthopaedist, was $1,500 for the entire deposition and Defendants' medical expert, Dr. Gerson's fee was $500 an hour. (Defs.' Opp. Letter Br. dated August 10, 2009.) However, here again these fees are not for neurosurgeons.

The Court recognizes that neurosurgeons engage in a highly specialized practice. Thus, a reasonable fee for a neurosurgeon may be well above a reasonable fee for other types of experts. Surprisingly, neither party identified for the Court the deposition fee of a neurosurgeon with credentials similar to Dr. Ratliff. However, the Court, through its own efforts, happened upon the case <u>Grady v. Jefferson County Board of County Commissioners</u>, 249 F.R.D. 657 (D. Colo. 2008) which the Court finds immensely instructive on

the precise issue presented in this case - the reasonableness of the deposition fee of an expert neurosurgeon. In Grady, the expert neurosurgeon was the Chief of Spine Surgery at the University of Pittsburgh Medical Center and had a published deposition fee rate of $2,000 an hour and agreed to accept $1,000 an hour in the case. Like the court in Grady, this Court finds that the deposition fee schedule of $5,000 for the first hour and $2,000 each additional hour is "grossly excessive and comes near to being extortionate". Consequently, in order to determine the reasonable fee, the Court must consider the factors elucidated in Massasoit and Cabana and applied in Grady to determine the reasonable fee for Dr. Ratliff in this case.

After undertaking an exhaustive review of "other courts addressing the reasonableness of expert [neurologist's] deposition fees", Grady, 249 F.R.D. at 661 and comparing the deposition fees of the neurosurgeons in that case, the court in Grady concluded "that a reasonable hourly rate for ... deposition testimony is not more that $600 an hour." Grady, 249 F.R.D. at 662.

This Court finds insufficient information has been given to the Court to demonstrate that Dr. Ratliff's published fee is "reasonable". Simply stated, Plaintiff has not provided the Court with sufficient information to justify such a fee. For instance, Plaintiff did not provide information to support the prevailing rate of comparable experts. Moreover, Dr. Ratliff's salary was not provided precluding the Court from determining if the deposition fee was established to cover Dr. Ratliff's time away from the

practice, nor was the Court provided with a salary range for neurosurgeons.  Instead, Plaintiff provided Dr. Ratliff's CV, a rate schedule for the practice and statements from the practice that the fee is never reduced and always paid.

The Court in reviewing Dr. Ratliff's CV, although impressive, could not justify awarding Dr. Ratliff a higher deposition fee than the neurosurgeon at issue in <u>Grady</u>. Indeed, that neurosurgeon appears to the Court to have equally impressive credentials and has a practice in Pennsylvania. Further, Plaintiff's own submission purporting to provide the Court with the deposition fee of a comparable expert does not support Dr. Ratliff's fee schedule. Accordingly, this Courts review of expert neurologist's deposition fees set by other courts; and considering the applicable factors, the Court finds the reasonable fee for Dr. Ratliff's deposition is no more than $600 an hour.

**<u>Plaintiff's Request To Conduct Videotaped Trial Testimony</u>**

Next, Plaintiff's contention that exceptional circumstances exist to allow Plaintiff to conduct Dr. Ratliff's videotaped trial deposition immediately following the Defendants' discovery deposition is beyond the pale.  Plaintiff retained Dr. Ratliff and by doing so agreed to his fee schedule.  Plaintiff's attempt to avoid Dr. Ratliff's fees at the expense of the Defendants will not be condoned by the Court.  Indeed, the prejudice to Defendants by granting such a request is immense and far outweighs any purported argument that "exceptional circumstances" exist.  As the Defendants note, not only would they have to conclude the discovery deposition

and immediately go into trial deposition without the benefit of reviewing the information obtained during the discovery deposition with their own experts, they would also have inadequate time to prepare for the cross examination of Dr. Ratliff, and would be deprived of the benefit of the deposition transcript and the opportunity to obtain and review authoritative writings as compared with Dr. Ratliff's testimony before cross examining Dr. Ratliff. Plaintiff has simply fallen short on demonstrating to the Court that the requisite "exceptional circumstances" exist in this case to order Dr. Ratliff's trial testimony be conducted immediately after his deposition testimony.

## ORDER

IT IS on this 30th day of December 2009,

**ORDERED** that the discovery deposition fee for Dr. Ratliff in this case is set at $600 an hour; and it is further

**ORDERED** that Plaintiff's application to conduct Dr. Ratliff's videotaped trial deposition immediately following the discovery deposition is **DENIED**.

s/ Karen M. Williams

KAREN M. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Robert B. Kugler